UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DERRICK MARTIN HUNT,

  Petitioner,

v.                                          Case No. 5:23cv320/TKW/MAL

WARDEN, FCI MARIANNA,

  Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

Petitioner Dereck Martin Hunt, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 2. Hunt is currently in federal prison serving a sentence of 210 months for Enticing a Minor to Engage in Sexually Explicit Conduct. *Id*. at 8, 24, 30. Through his petition, he seeks to prevent or delay his extradition to Fulton County, Georgia while he challenges his federal conviction. *Id.* at 14-15. He argues that if he is extradited, he will be transported without the legal papers he needs. *Id.* at 14. He also argues that Fulton County, Georgia officials lost the right to prosecute him because they violated his right to a speedy trial. *Id.* at 11.

The Warden responded in opposition to the petition, arguing Hunt did not exhaust his administrative remedies with the Bureau of Prison (BOP). ECF No. 11. Hunt has filed a Motion for Leave to Amend § 2241 and a Supplement with

Combined Response. ECF No. 15, 16. In his Supplement with Combined Response, Hunt raises additional arguments and amends his request for relief. ECF Nos. 16. Even considering these additional matters, for the reasons discussed below, Hunt's petition should be dismissed.

## I. Background

Hunt was arrested in July of 2012 in the State of Georgia and charged with numerous offenses relating to sexual conduct with a child under Georgia law. ECF No. 2 at 7. He was transferred into federal custody where he was charged with Enticing a Minor to Engage in Sexually Explicit Conduct based on the same incidents. *Id.* at 8. After Hunt was released on bail on July 29, 2012, he absconded, and he was not apprehended until over seven years later, on November 22, 2019. *Id.* Hunt was returned to federal custody, and Georgia state authorities were notified of his apprehension. *Id.*

After his apprehension, Hunt entered a conditional guilty plea to the federal charge. *Id.* His conviction was affirmed on appeal on September 28, 2023. *Id.* at 8-9. He is currently in custody at the Federal Correctional Institution in Marianna, Florida with a projected release date of September 28, 2034. *See* https://www.bop.gov/inmateloc/.

On November 27, 2023, Hunt filed a Motion to Quash all pending charges in Fulton County, Georgia. ECF No. 2 at 10-11, 24-27. His state court motion was

based in part on the state's alleged violation of his right to a speedy trial. *Id.* He claimed the state has waited too long after his re-apprehension to pursue charges. *Id.* Hunt states he met with officials at FCI Marianna on December 5, 2023, and he refused to sign for a transfer of custody to Fulton County, Georgia. *Id.* at 11. He asserts that on the same date he began to initiate the administrative remedy process. *Id.* Among the attachments to the § 2241 petition are: a December 4, 2023 email to then-Warden Winfield objecting to the proposed extradition, and a handwritten version of the same message addressed to a Ms. Mooneyham on the BOP's "Inmate Request to Staff" (BP-8) form. *Id.* at 39-40.

In his petition dated December 14, 2023, Hunt seeks an order suspending extradition (1) during the pendency of his petition for a writ of certiorari to the United States Supreme Court,[1] (2) while his Motion to Quash remains pending in Fulton County, and (3) while the instant § 2241 petition is pending. ECF No. 2 at 14-15. Read literally, Hunt objects to his transfer from federal custody until after the three identified legal matters are resolved. Underlying his claim is his belief that he

---

[1] Hunt's first request, that extradition be suspended during the pendency of his petition for writ of certiorari is now moot. On January 23, 2024, Hunt filed a notice with the Court titled "Petitioner's Motion for Judicial Notice of Adjudicative Facts Under Federal Rules of Evidence, Rule 201(b)(2) Et. Seq." ECF No. 6. He explains therein that his petition for a writ of certiorari was denied on January 8, 2024, and he has begun "his perfection of his 28 U.S.C. § 2255 Petition for Habeas Corpus Relief and cannot be extradited to Georgia." Id. at 2. Hunt requests a court order granting "injunctive or declaratory relief barring any transfer of the Petitioner to the State of Georgia until he has successfully filed his § 2255 petition collaterally attacking his federal sentence." ECF No. 16 at 5. This additional request is also moot because the one-year limitation period under § 2255(f)(1) expired on January 9, 2025.

cannot lawfully be prosecuted on the pending charges in Fulton County, Georgia because to do so would violate his right to a speedy trial. *Id*. at 5.

On April 29, 2024, Respondent moved to dismiss Hunt's § 2241 petition because Hunt failed to exhaust his administrative remedies.[2] Hunt claims in his reply that he is entitled to a futility exception to the exhaustion requirement. ECF No. 16 at 2. He also acknowledges that granting the requested injunctive relief would potentially interfere with the pending state proceedings, but he contends his right to collaterally attack his federal conviction supersedes the State of Georgia's interest in prosecution. He argues that the *Younger* abstention doctrine does not preclude the requested relief, and this Court should bar his transfer to the State of Georgia "until he has successfully filed his § 2255 petition collaterally attacking his federal sentence." ECF No. 16 at 5.

**II. Discussion**

**A. Exhaustion is required before filing a § 2241 petition.**

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). The exhaustion requirement is not jurisdictional, but it is a requirement, and thus it is a defense a respondent may assert, as the Warden has done in this case. *Id*.

---

[2] Respondent also moved to dismiss all improperly named respondents. ECF No. 11 at 1. Pursuant to this Court's Order of December 27, 2023, this was already done, and as of that date, only the Warden at FCI Marianna remains as a respondent. ECF No. 5.

at 475.

The BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. The procedure has multiple tiers. *See* 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate should first attempt to resolve the matter informally by presenting his complaint to staff on a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then initiate the formal review process.

The full, formal BOP administrative remedy procedure has three steps. First, the inmate must file a Request for Administrative Remedy, commonly referred to as a BP-9, with the warden of the facility. 28 C.F.R. § 542.14. If the inmate is dissatisfied with the warden's response, the inmate may appeal to the Regional Director by filing a Regional Administrative Remedy Appeal or BP-10. 28 C.F.R. § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006).

### B. Hunt has not exhausted his administrative remedies.

Appended to the Warden's response to the petition is a document titled

"Administrative Remedy Generalized Retrieval," dated March 5, 2024. ECF No. 11-1. The document does not identify Hunt by name, but it contains his Register Number: 55995-048, which is sufficient to identify him. The search concludes "No remedy data exists for this inmate." *Id.*

In Hunt's response to the Warden's assertions about exhaustion, he refers back to the two attachments to his original petition reflecting his opposition to the extradition. ECF No. 2 at 39, 40. He erroneously claims that the email and the substantively identical "Inmate Request to Staff" satisfied the BP-8 and BP-9 requirements. The Inmate Request to Staff is the BP-8, the first informal step in the grievance process; Hunt never initiated the formal review process. Furthermore, in his requests, Hunt does not complain about his lack of access to legal papers in the event he is extradited. Therefore, he has failed to exhaust his administrative remedies with the Bureau of Prisons.

Hunt now makes the conclusory statement that additional attempts at exhaustion would have been futile due to the "imminent danger of being transported back to Georgia without his legal paperwork." ECF No. 16 at 2. He claims upon extradition, "all of an inmate's property is packed into a storage box within the facility's R&D Department, and inmates are told they are not allowed to bring **any** items (including legal work)." *Id.* at 3 (emphasis in original). Hunt further claims he could have been prejudiced, referencing the Supreme Court's denial of his petition

for certiorari in January of 2024, which triggered his one-year time limitation to file a motion challenging his federal conviction under 28 U.S.C. § 2255(f)(1). *Id*. at 2-3.

Hunt's assertion that further attempts at exhaustion would be futile is not well taken. His extradition to Georgia has not in fact happened and he has had time to pursue his administrative remedies. His concerns about losing access to his legal paperwork upon extradition are matters that are appropriately addressed at the administrative level. Under these circumstances, Hunt has not shown he would be entitled to avail himself of a futility exception. *See Straughter v. Warden, FCC Coleman - Low,* 699 F. Supp. 3d 1304, 1308-09 (M.D. Fla. 2023) (citing to "the need to channel claims to the most appropriate forum in the first instance" as a factor against recognizing a common law futility exception to the exhaustion requirement).

### C. Challenge to State Court Detainer

Although Hunt does not specifically request the court to grant him more than temporary relief from the detainer, he argues that the "clear and unambiguous" issue in the case is that "Fulton County Georgia Officials have lost their Lawful Right to now Prosecute Petitioner after violating his Rights to a Speedy Trial by their failure to **Timely** obtain Custody of Petitioner over the last four years he has been in Federal Custody." *Id*. at 11 (emphasis in original). To the extent Hunt is contesting the detainer, his claim must fail because he has failed to exhaust remedies and *Younger* abstention applies.

A federal prisoner contesting a state detainer must first pursue administrative remedies under the Interstate Agreement on Detainers (IAD) in the court of the state which has placed the detainer, in this case Georgia. *See Grant v. Hogan*, 505 F.2d 1220 (3d Cir. 1974) (federal prisoner was required to exhaust all remedies afforded to him by the IAD before seeking relief in federal court); *Slaughter v. Henderson*, 470 F.2d 743, 744 (5th Cir.1972) (federal prisoner with Ohio state detainer lodged against him was required, before seeking federal habeas relief, to attempt to have the Ohio detainer removed from his prison records through the administrative procedures of the IAD); *Hurst v. Hogan*, 435 F. Supp. 125 (N.D. Ga. 1977) (recognizing Congress has provided in the IAD an "efficient and effective method for resolving a prisoner's claim that he has been denied a speedy trial and is therefore subject to an illegal detainer" and that requiring resort to these remedies under the IAD "will remove the necessity of intervention by the federal courts); *see also Norton v. Parke*, 892 F. 2d 476 (6th Cir. 1989) (Kentucky state prisoner seeking relief from Ohio detainer required to pursue remedies provided by the IAD before seeking federal habeas relief).

As explained by the Supreme Court, Article III of the IAD "establishes a procedure by which a prisoner incarcerated in one party State . . . may demand the speedy disposition of 'any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner' [] by another party State."

*Carchman v Nash*, 473 U.S. 716, 720 (1985). The warden must

> inform the prisoner that a detainer has been lodged against him and that he may request final disposition of the indictment, information, or complaint upon which the detainer is based. If the prisoner makes such a request, the warden must forward it, together with a certificate providing certain information about the prisoner's terms of confinement, to the appropriate prosecuting official and court of the receiving State. The authorities in the receiving State then must bring the prisoner to trial within 180 days, absent good cause shown, or the court must dismiss the indictment, information, or complaint with prejudice, and the detainer will cease to be of any force or effect.

*Id.* at 721. Hunt has not completed this process. To the contrary, Hunt is resisting efforts to be brought to Fulton County, Georgia for disposition of his case by raising speedy trial as an affirmative defense. Because he has not made a request to be brought to Georgia on the detainer, he has not exhausted his IAD administrative remedies. *See Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985) (remedies not exhausted where petitioner is raising speedy trial as an affirmative defense); *Brown v. Estelle* 530 F.2d 1280, 1283 (5th Cir. 1976) (an attempt to force the state to go to trial is attainable through federal habeas corpus but an attempt to abort a state proceeding is not).

Furthermore, a challenge to the detainer itself on speedy trial grounds is barred by the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* established that, based on principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final." *Johnson v. Florida*, 32 F. 4th 1092,

1099 (11th Cir. 2022) (*citing Younger,* 401 U.S. at 43–45). Here, Hunt's Georgia state proceedings are not yet final. His claim that his right to speedy trial has been violated does not justify making an exception to *Younger*. *Id.*

### III. Conclusion

Hunt's petition should be dismissed because Hunt did not exhaust his available remedies and *Younger* abstention applies. Accordingly, it is

**ORDERED**: Hunt's Motion for Leave to Amend § 2241 (ECF No. 15) is GRANTED. And it is respectfully

**RECOMMENDED** that:

1. The petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 2), as amended, be DISMISSED.

2. The Clerk of Court be directed to close the file.

DONE on February 13, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

The case was referred to a magistrate judge for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. See N.D. Fla. Loc. R. 72.2(B); see also 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.